Good morning, Your Honors. May it please the Court, Rhonda Anderson on behalf of Alvin Seiger through his next best friend, his wife, Marsha Seiger. Before I begin with the core issue underlying the dismissal of the Second Amendment complaint, the real issue in this case that needs to be addressed is the right of individuals with mental disabilities or limitations to be able to have their case heard in federal court. Let me ask you something about that. It seems to me that this is very fact-driven, this case. If he can form, if Mr. Seiger can form the intent to decide that he wants to go someplace and articulate that intent, then it seems like he has standing. But that's exactly what's an issue, whether that has been adequately alleged. So, it seems to me like this is actually just a very fact-driven or allegation-driven, in this case, issue that we have to decide here today. Yes and no. And I'd like to remind the Court about the congressional findings about individuals with disabilities because this is an issue that has the ability to come back to this Court again. We have individuals in society. I'm sorry to interrupt you, but while you're answering that, also, if you could, why didn't Mrs. Seiger just sue on her own behalf because there are cases where we've said if she wanted to take her husband with her out to the pub and she couldn't do that because there are I would agree that she would have standing to file suit as well. I wasn't the drafter of the complaint, so that was not alleged. With regard to individuals with mental disabilities, I think this is a recurring type of an issue because we have individuals that have strokes, we have individuals that have autistic problems that are going to need their best friend, their mother, their sister, their brother to bring the cause of action for them because they themselves cannot speak. But you're not suggesting, let me just make sure I understand what your argument is. Are you suggesting that if a person is unable to form the intent to want to go back to someplace, that that person has standing? They can form the intent. They may have a desire to go. They may not be able to speak at the time that court has had. So the evidence can be produced in other means. Congress did not say that in order to have standing, and I'm really responding to some of the arguments in the answer brief, that you have to have the capacity to testify. I'm not saying you have to have the capacity to testify. I agree with you on that. But I want to make sure that we're understanding each other. So your argument is not that he has standing simply because he's alive. He has standing because he can form, he is capable of forming the intent to want to go back to the pub, and he has in fact formed that intent. Is that right? That's correct. Okay. So this is really, this case is all about factual allegations then. It's not really about the right of a party who has mental limitations to be able to file suit under the ADA. It's all about how it's alleged in this case. Or am I missing something? If I'm missing something, please let me know. Well, I'm directing at the lower court's order, in particular page four and page five, where the court reaches certain conclusions based upon a comparison of the earlier complaints versus the second amended complaint. Number one, I submit that that's incorrect under 15A, unless you incorporate by reference into the proposed amended complaint, you can't reach back to the prior versions and say it conflicts. Okay. That's a different issue though than whether a certain type of individual has the ability under the ADA to bring a case, right? Correct. And the facts in this case show that he needs his wife to be able to take him places. Well, it's not just take him places. He needs his wife to decide on his intent to go back because the allegation in the complaint was he has a mental impairment in the amended complaint, a mental impairment that requires Mrs. Seeger to undertake all decisions on the plaintiff's behalf, apparently including the decision whether to go and whether or not he wants to go to the pub. And I believe the court is looking at the amended complaint as opposed to the second amended complaint. Yes. In the amended complaint in paragraph six, it said undertake all decisions on plaintiff's behalf. Yeah. But that's not the, that is not the complaint before this court. The complaint before this court says some decisions. Well, but the judge didn't allow the second amended complaint, right? She denied the motion for leave to file. We're looking at the amended complaint. Okay. Isn't that the one that's before the court? The amended complaint says amended complaint on the, in the style, isn't that the document before the court? No. The issue before the court is based upon the second amendment. No, no, no. I'm talking about the pleading before the court. Is it not the amended complaint? The one that was dismissed? Yes. And the motion for leave. Or my mistake. The amended complaint. The second amended complaint. Second amended complaint. The second amended complaint. The motion for leave to file the second amended complaint. I thought the second amended complaint was not allowed. Second amended complaint was not allowed. There's, in the order. I understand. Which is the, is the document that is before the court now. The second amended complaint, hand a motion for leave to file the second amended complaint. Well, what's before the court is the order denying the motion to leave, motion for leave to file the second amended complaint. Right. And the... Is this appeal about an abuse of discretion and not allowing the second amended complaint? Abuse of discretion plus the court needs to look at de novo whether the court is willing to... We don't have the amended complaint before us is what you're saying? It's in the record. I know it's in the record, but what are we ruling on? The motion for the denial of leave to amend the second amended complaint? Correct. Okay. So that, so we're looking at the second amended complaint and it's a discretionary decision on the part of the court, the district court. It's not a de novo review. I'm sorry. I did not hear the last sentence. What I'm saying is, is that the issue before our court is whether the district court made a mistake in not allowing you to file a second amended complaint, then the standard of review here is whether the district court abused its discretion in denying that leave to file a second amended complaint. Correct. Okay. So the sufficiency of the amended complaint is irrelevant. Correct. Okay. Thank you, Your Honor. So tell us how the court abused its discretion in not allowing the second amended complaint. Number one, because it clarified that Ms. Seeger only made some decisions for him. For instance, he may want to go somewhere, but he needs her to transport him. So, when they go is dependent upon her time and availability to go to those locations and particularly here. And what did that, what did that from a legal point of view add to the amended complaint? What did, what did it add? From a, from a legal point of view, point of law, what did it add to the amended complaint? It may, it adds, it clarifies the issue of standing. That it is his decision, his intent, whether he wants to go, when he goes is dependent upon his wife, just as if I have to wait for when Uber arrives or when I get other assistance from other individuals to get transported to locations. You have to fit within their schedule. Where the court made, where the lower court made errors in law is reaching back to the as far as the poor penmanship or the poor scrivenership of counsel who drafted those initial complaints. Because this individual should not be a shuttered individual. He can make, have a desire to go places. And if the intent of the agent As long as we decide that there was standing all along, in which event, the second amended complaint adds nothing. And which means the second If we decide that there was standing all along, then the second amended complaint adds nothing and the court could not have abused its discretion in declining to grant leave to amend. Then the position is the second amended, the prior amended The position is whether the court abused its discretion in denying leave to amend. Correct. Okay. And if the original complaint had sufficient standing It doesn't matter. We're not passing on the original complaint or the amended complaint. We're passing on the court's refusal to allow the second amended complaint. My point is, if it doesn't add a wit to what was already in the case, then the court could not have possibly abused its discretion. That's my view of things. I'm just letting you know. I understand. Let me ask you, is it your position that the court abused its discretion because it found it would be, because it effectively found that it would be futile to amend the complaint since there were these prior allegations that appeared to conflict with the allegations in the second amended complaint? Yes, I agree. The court did abuse its discretion. My position is that because if you looked solely to what was in the second amended complaint, the second amended complaint in and of itself in a vacuum and without looking at anything else would not have been futile because it's sufficiently alleged facts that would allow for standing that as a matter of law, in finding essentially that amending the complaint would be futile, the district court abused its discretion. Is that what your argument is? Yes, it is, Your Honor. Okay. So, why couldn't the district court take into account, I mean, the district court had a hearing where Mrs. Seeger testified and there were these two prior pleadings. Why couldn't the district court take those facts into account when it ruled on the motion to amend, you know, to file the second amended complaint? Well, number one, there was insufficient facts. You had a note from a doctor talking about his competency. There's a lot of folks out there incompetent to handle their financial affairs and should be found incompetent for those purposes or make decisions on whether or not a settlement should be breached. So, you know, for those reasons, and I understand I'm a little short on time here, I'd ask the court to reverse and remand with directions to the lower court that the second amended complaint is sufficient and the discretion was abused. Ms. Anderson, we have your case. I appreciate your time. Thank you. You've saved some rebuttal time. May it please the Court. My name is Bob Turfs on behalf of the Appellees in this particular case, and I would note The appellee's name is actually Phil Torrance, not Torrance-Philip, and his business is called the West End Pub. Your colleague says that what's before us is whether the court abused its discretion in denying the second amended complaint. Do you agree that that's the issue here? I think it is probably the issue. I mean, that's what she says the issue is. That's what the error is, as it were, and the standard review is abuse of discretion. And if I could kind of go through my thought process. I was having difficulty seeing what was added of any legal significance to the second amended complaint. Do you follow me? I think I do, sir. Okay. So, that's my concern, that it doesn't add anything to what's before the court earlier. And I agree, Your Honor, that it doesn't add anything of significance that changed anything from the first two. Legal significance, yes. Yes, sir. If I could, and even though I've been doing this for some time, I have to admit I've had a lot of thoughts in how to respond to this particular case. And some of it was reflected in what the court's comments have been thus far. Initially, I looked at it and said, well, clearly they twice pled themselves out of standing by saying all decisions had to be made by the wife. He was not capable of making any decisions on his own. And then I understand when they filed the amended complaint, I started thinking about, well, maybe it's only whether or not there was an abuse of discretion not to allow that. We've not really gotten into whether or not there was a judicial estoppel, as perhaps suggested. In every case, the wife has to interpret whatever the communication is. She interprets. Certainly, Your Honor, except in this case, it was Marcia Seeger that was essentially the plaintiff. And decides. That's what the pleading says. Yes. And she was the plaintiff in the case, allegedly, as power of attorney and next friend. Of course, there was never a proceeding to make her next friend under Rule 17 of the Federal Rules of Civil Procedure. When we got to the second amended complaint, the right to do that was denied. And I did address the issue within the second amended complaint, and for what it's worth, I thought about saying, we don't get there. It's just abuse of discretion. I shouldn't analyze that, but we've had discussion about what's in that complaint. And the only difference is, first of all, Marcia Seeger is still the plaintiff. She has to make all decisions on behalf of her husband. He's still incompetent. He's still incompetent. He has to interpret what he wants. And if his physical health, and if his mental health, and if she will take him to the West he can possibly go there. Well, let me ask you this. It seems to me that under the second amended complaint, he might have standing. I'm not going to commit to a position at this point, but it seems like he might. If he did have standing under the second amended complaint, and the reason why the district court did not allow the second amended complaint could be boiled down to a determination of of law, wouldn't it be an abuse of discretion? That's the first question. And the second question is, if so, and I think you were getting to the point, was there another point that you wanted to argue about why it wasn't an abuse of discretion? Well, yes, Judge. Estoppel. The notion of judicial estoppel. This is not merely a case of when typically one amends a complaint, you add brand new facts in. Maybe you add new theories in. But what you don't do is say, it was black before and now it's white. Except that, here's my concern about that. There was a hearing, and Mrs. Seeger did testify. And when she testified, I think the way she testified was consistent with what is alleged in the second amended complaint. In other words, she said, he's forgetful about things, and that's the kind of dementia he has. But he's capable of making decisions. He tells me what he wants. And when the doctor said that he's not competent to handle his personal affairs, the doctor is a doctor and he was speaking loosely, and what he really meant was he's not capable of handling his legal affairs. So all of that seems to me to be consistent with what she alleged in the second amended complaint. So I need you to tell me how it's inconsistent and why it is that the second amended complaint allegations necessarily conflict with what came before. Why can't they be read in harmony? You understand what I'm saying? No, I understand exactly what you're saying, Your Honor. And I also understand potentially, well, I think what is happening in the second amended complaint, I think things are getting sliced too thin. At what point is there competence? At what point can there be an allegation of injury in fact? And we're not going from previously saying he's incompetent to go there, he can't make any decisions, any decisions on his own, to now they're saying he can make some decisions on his own. He can make the decision, but it's a conditional decision. True, but is the original complaint and the first amended complaint, are they verified complaints? I do not believe they are. And so, why should we take that over what Mrs. Seeger testified to under oath at the hearing? Well, and that's another debate that we've got into in the briefs. For purposes of a motion to dismiss. Right, and I'm asking you what your position is. Are we limited solely to the four corners of the complaint for purposes of evaluating these complaints? And of course, the law traditionally says... And in deciding whether there's an abuse of discretion, I speak for myself, it doesn't matter whether the complaint was thrown out, the other one, for standing or state of claim or whatever. This doesn't matter. The question is whether this one adds anything of legal significance. My problem, and I'll mention it now because I think your colleague needs to answer it. There's an allegation that he's a tester, and that's why the suit's being brought. And he's asserting his civil rights under the disability statutes. Now, we have pleading rules, including the Supreme Court's decision on Iqbal, and I can't believe somebody who's incompetent can even possibly be a tester and understand what the civil rights are. That tells me he may go down the street to every establishment that won't admit somebody in a wheelchair and say, I want to go in there to test my civil rights. I can't reconcile that with somebody who's incapable of making a decision. And how in the world the plaintiff could interpret an utterance from the disabled to be an articulation of I want to test my civil rights, it's beyond me. But putting that aside, the Second Amendment complaint adds nothing, whether it's a standing issue or whether it's a failure to state a claim or whatever it is, the court dismisses the case, a denied leave, which is the issue before us. Yes, Your Honor. And that's not the sufficiency of the First Amendment complaint. In other words, it's not an appeal of the amended complaint and also a challenged failure to leave to amend in case the amended complaint is insufficient. Correct. I think both issues are essentially before this Court. You mean you think she's appealed the amended complaint? That's not what the argument was. The argument was or is that there's an abuse of discretion and failure to grant leave to file an amended complaint. That's in effect a concession that the prior ruling was okay because the other complaint was inadequate. I agree, Your Honor. The Second Amendment complaint, we think, adds nothing because it still is insufficient. We do think the Second Amendment complaint. The question is whether it adds anything of legal significance to the complaint that was no good. We don't think it does under an analysis that I probably should have thought about while reading the pleadings and researching initially. But when we get to the issue of standing in cases like Lujan and this Court's case about the demonstrations in Texas, there gets to be an issue when saying I intend to do this in the future. The question of whether or not I'm going to do it in the future seems to be just too attenuated. Well, not only that, I not only intend to do it in the future, I intend to interpret my civil rights to do it in the future. Yes, sir. It's not just entering the place. And we do not think It's formulating a claim under the statutes. Yes, Your Honor. And I think that given what the allegations are about his capacity, it negates the intent to be able to formulate that. There are too many preconditions. It's like a chain of causation that's too attenuated or extended for want of a nail. The kingdom is lost kind of an analysis because for him to have that intent or to come close to the intent, he's saying if my physical health permits and if my mental health permits and if my wife will take me, then I intend to go there at some point in the future. For the purpose of challenging the sufficiency of the establishment to satisfy the law. Yes. In terms of accommodating my disability. And I didn't really address directly the fact that he's also putting in, or the attorney at this point, in pleading was somewhat shotgunning the approach and also putting in the evidence. I know, but that pleading, I just read the pleading, that's what it says. Yes, sir. So the second amended complaint asserts plaintiff's physical and mental disability requires Mrs. Seeger to undertake some decisions on plaintiff's behalf, but not all. For example, if plaintiff wishes to visit an establishment to watch sports or have a drink, he can make the decision to go if his physical and mental health permits and his wife would take him. And despite plaintiff's disabilities, on most occasions, he's still able to articulate his views and thoughts, speak fluidly, and formulate and express intent to, intra alia, visit an establishment. And then later in the complaint, it asserts plaintiff intends to visit the subject premises, not only to avail himself of its privileges, amenities, and accommodations, but also to assure himself that the subject premises is in compliance with the ADA, et cetera. So why is that not sufficient to establish standing? We think that it's futile because it's, again, we believe too attenuated when they talk about his capacity. And also, that should have brought up the second amended complaint. What else would he have to show? What else would he have to allege, be able to allege, I should say? We think he'd have to be able to allege, well, that he wishes to vindicate the right, his own rights, and he has the capacity to do that. He doesn't go beyond, assuming that the complaint is correct, second amended complaint, he doesn't go beyond, perhaps, a desire to go have a drink and watch sports on television, or any capacity beyond that. And is that sufficient? We think not. So really, I guess getting back to the first question I asked when opposing counsel came up, this is really a case about factual allegations. It's not a case about a legal principle. I agree. I mean, I guess it is in the sense of whether it's enough to make standing, but it's not a question of whether or not an individual with a certain type of mental disability can bring an ADA suit. I agree. It's specific to these facts. And in trying to talk about slicing, how much do you have to have to be able to allege standing, I don't think we quite get there with this particular appeal. But in terms of the allegations, we think that they have failed. Well, the plausibility of the whole, whether it's standing or stating a cause of action, the complaint doesn't come close, none of them, to the Supreme Court's command in Iqbal. We agree. We agree that it is plausible that somebody knows about their civil rights and accommodations and this has to be done and that has to be done. Exactly, Your Honor. I agree. I see my time is up. Okay. Ms. Anderson? So, I'm a little curious, can we just like, on the issue of futility, can we just telescope ahead to the trial? The plaintiff's burden would be what and how would the plaintiff satisfy his burden if he couldn't testify competently? I didn't say he couldn't testify competently. Okay, so. I think the court below, and it should be cautiously looked at here, overread the doctor's note that said he was incompetent to take care of his personal affairs. I've had individuals that I've encountered that had strokes and had aphasia and the inability to speak. That didn't mean they didn't want to go to the store. It didn't mean that they didn't want to go to the restaurant. It didn't mean that they couldn't articulate it. But that's not what the facts were before this court. But there's no facts yet. We're at a pleading stage. Well, she held an evidentiary hearing. Standing can be viewed as a 12B1 issue, not a 12B6 issue. Nobody is appealing the fact that she held an evidentiary hearing and didn't apply the right standard. So, I'm not sure I agree with you. Docket Entry 29. There's an affidavit in the record by Mr. Seeger himself where he utters that he had the desire to go back to the facility. Counsel's inartful scrivenership of the prior complaint in which it inaccurately stated that she had to make all decisions on his behalf is not something that counsel should be prohibited from correcting. I think counsel pled it that way probably because they were trying to satisfy the next friend's status. So, just in case, Mr. Seeger had one of those days where the inflammation in his brain was higher so he couldn't articulate it in court that she could convey with her testimony, with other people's testimony at a trial or a future evidentiary hearing. As Ms. Seeger did, she said he wants to go. He shouldn't be required to stay in his room locked up despite having a desire to go places and do things merely because she has to testify that day. So, she did testify that he had the capacity to want to do things. So, I direct the court to look at the affidavit, if it's going to look outside the four corners of the pleadings, look at the court's prior opinions in matters such as this where, such as in Heiss, Chang v. J.P. Morgan, Chase & Bank at 845 Federal 3rd, 1087 in which the court found that although prior pleadings didn't sufficiently state claims that the subsequent one did, and also look at the Fifth Circuit's decision in King v. Dugan in which the court said it was improper for the court to look back at prior pleadings and contrast the language to say that because they're internally conflicting that there is a problem there. The individual with a disability should not be penalized for the penmanship of counsel. A claim has been stated, he has standing, he has desire to go places, to go out and not be shuttered in a room and not be able to go to places of public accommodation. Thank you for your time, Your Honors. We'll move to Williams v. Mosaic Fertilizer.